UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

M.O.,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
d/b/a NORWEGIAN CRUISE LINES,
and ONE SPA WORLD LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff M.O.,[1] a California resident, sues through undersigned counsel Defendants NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINES (hereinafter "NCL"), and ONE SPA WORLD LLC (collectively "Defendants"), and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff M.O. is *sui juris* and is a citizen and resident of the State of California.

3. Defendant NCL (BAHAMAS) LTD. is a Bermuda Corporation doing business as NORWEGIAN CRUISE LINES (hereinafter "NCL") with its principal place of business in Miami,

---

[1] Plaintiff is proceeding through the use of her initials as a pseudonym due to the sensitive nature of the allegations set forth below. Defendant NCL is aware of M.O.'s full name, having been advised of it in the notice of claim letter referenced in Paragraph 11.

Miami-Dade County, Florida. NCL is therefore a citizen both of Bermuda and of Florida for purposes of determining subject matter jurisdiction over this action.

4. Defendant, ONE SPA WORLD, LLC (referred to as "ONE SPA WORLD"), is a Florida entity d/b/a Mandara Spa with its principal place of business in Coral Gables, Florida, within this judicial district.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity. The Plaintiff is a resident and citizen of the state of California, while the Defendants are residents and citizens of the state of Florida for jurisdictional purposes. Further, the amount in controversy is in excess of $75,000.00, based upon the injuries and damages the Plaintiff sustained as described in Paragraph 20 below.

6. At all material times, both Defendants have conducted ongoing substantial and not isolated business activities in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

7. At all material times, Defendant NCL has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. Defendant, ONE SPA WORLD, controls and/or operates the ship's spa facility that treated the Plaintiff while she was aboard the NCL *Encore*.

9. In the operative ticket contract, NCL requires fare paying passengers such as the Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

10. Venue is also proper in this district because the Defendants' principal place of business is located within this district.

11. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff, as required by the ticket contract, gave NCL written notice of the claim by a letter dated October 26, 2022, within six (6) months of the incident alleged below. A copy of the notice of intent letter, with the Plaintiff's name redacted to initials, is attached as Exhibit 1.

## COMMON ALLEGATIONS

12. At all material times, Defendant NCL was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the *Encore*.

13. At all times material hereto, Defendant NCL had operated, managed, maintained and was in exclusive custody and control of the *Encore*.

14. At all times material hereto, the *Encore* contained an onboard spa facility, known as the "Mandara" spa, which provided spa services to passengers on the *Encore*, including acupuncture services.

15. At all times material hereto, an acupuncturist was employed as an employee/crewmember working at the Mandara Spa onboard the *Encore*.

16. At all material times, including the incident date of October 16, 2022, the Plaintiff was a fare paying passenger aboard the *Encore* and in that capacity was lawfully present aboard the vessel and all onboard passenger facilities, including the Mandara Spa.

17. On the evening of October 16, 2022, Plaintiff M.O. went to the Mandara Spa onboard the *Encore* for an acupuncture session, which was to be performed by the acupuncturist employee/crewmember referenced in Paragraph 15.

18. During the acupuncture session, the acupuncturist engaged in nonconsensual sexual

activity with M.O., which included oral penetration.

19. At no time did M.O. consent to any sexual activity with the acupuncturist, any spa employee, or any crewmember on board the *Encore*.

20. As a direct and proximate result of the nonconsensual sexual activity alleged above, M.O. was injured in and about her body and extremities, suffered physical, emotional and psychological pain therefrom, embarrassment, humiliation, sustained mental anguish and emotional and psychological pain and suffering, aggravation and activation of preexisting conditions, and sustained disability and the inability to lead a normal life.  She has incurred expenses for medical and mental health treatment and counseling and will continue to do so in the future, with the future health care expenses being reasonably certain to occur.  Furthermore, she has lost earnings and her future earning capacity has been impaired.  These damages are permanent or continuing in their nature and Plaintiff M.O. will continue to sustain and incur such compensatory damages in the future.

## COUNT I – NORWEGIAN CRUISE LINES

21. Plaintiff M.O. adopts, realleges and incorporates by reference all of the jurisdictional and common allegations in Paragraphs 1 through 20 above and further alleges the following matters:

22. At all material times, Defendant NCL operated the cruise vessel *Encore* on which Plaintiff M.O. was a passenger as alleged in Paragraph 16 above.

23. At all material times, the assailant referenced in Paragraphs 15 through 19 above, as an acupuncturist working in an onboard spa on the *Encore*, was a crewmember of the vessel.

24. At all material times, while engaging in the nonconsensual sexual conduct alleged

in Paragraphs 18 and 19 above, the assailant was committing an intentional tort on M.O., a passenger of Defendant NCL, specifically sexual assault and/or sexual battery.

25. At all material times while M.O. was a fare paying passenger onboard the *Encore*, a passenger vessel it operated, Defendant NCL as a common carrier had a nondelegable duty to M.O. to protect her from intentional torts committed by crewmembers upon her, including the tortious activity described in Paragraph 18 above.

26. Since the assailant crewmember was at all material times committing an intentional tort on M.O., a passenger of Defendant NCL, in the course of a voyage for which M.O. was a fare paying passenger of NCL, NCL at all material times breached its nondelegable duty to M.O. and is accordingly strictly and vicariously liable for the damages to M.O. caused by the assailant's actions, including those damages alleged in Paragraph 20 above. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891 (11th Cir. 2004).

27. In addition, since the actions of the acupuncturist as alleged in Paragraphs 18 and 19 above were at all material times undertaken willfully and wantonly, Defendant NCL is liable to M.O. for punitive damages.

**WHEREFORE**, Plaintiff M.O. requests judgment in her favor against Defendant NCL for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

## COUNT II – ONE SPA WORLD LLC

28. Plaintiff M.O. adopts, realleges and incorporates by reference all of the jurisdictional and common allegations in Paragraphs 1 through 20 above and further alleges the following matters:

29. At all times material hereto, Defendant ONE SPA WORLD owned and/or operated the Mandara Spa facility onboard the NCL *Encore*, wherein it provided spa services to NCL's passengers onboard the *Encore*.

30. At all material times, the acupuncturist referenced in Paragraphs 15 through 19 was an employee of ONE SPA WORLD as well as a crewmember onboard the *Encore*.

31. At all material times, while engaging in the nonconsensual sexual conduct alleged in Paragraphs 18 and 19 above, the assailant acupuncturist was committing an intentional tort on M.O., a passenger of the NCL *Encore*, in the Mandara Spa operated by Defendant ONE WORLD SPA, specifically sexual assault and/or sexual battery.

32. At all material times while M.O. was in the Mandara Spa receiving acupuncturist services from the assailant, ONE SPA WORLD had a duty to protect M.O. from intentional torts committed by employees upon her, including the tortious activity described in Paragraphs 18 and 19 above, and was vicariously liable for the intentional and/or tortious actions of its employees, including the assailant who sexually assaulted the Plaintiff.

33. As a direct and proximate result of the intentional torts committed by an employee of Defendant ONE SPA WORLD as alleged above, Plaintiff was sexually assaulted as alleged in Paragraphs 18 and 19 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 20 above.

34. In addition, since the actions of the assailant acupuncturist as alleged in Paragraphs 18 and 19 above were at all material times undertaken willfully and wantonly, Defendant ONE SPA WORLD is liable to M.O. for punitive damages.

**WHEREFORE**, Plaintiff M.O. requests judgment in her favor against Defendant ONE SPA WORLD LLC for compensatory and punitive damages and the costs of this action and furthermore demands trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

Executed, this October 13, 2023.

    Respectfully submitted,

*/s/Nicholas Gerson*
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
SHANNON CROSBY
Florida Bar No. 1010207
scrosby@gslawusa.com
BRANDON P. VOLK
Florida Bar No. 1019012
bvolk@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*